EXHIBIT "A"

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NEW YORK DIGITAL INVESTMENT GROUP
LLC, NYDIG TRUST COMPANY LLC, NYDIG
MINING LLC, and STONE RIDGE HOLDINGS
GROUP LP,

      *Plaintiffs,*

v.

MINTVEST CAPITAL, LTD,

      *Defendant.*

C.A. No. N25C-_____

## COMPLAINT SEEKING DECLARATORY JUDGMENT

Plaintiffs New York Digital Investment Group LLC ("NYDIG LLC"), NYDIG Trust Company LLC ("NYDIG Trust"), NYDIG Mining LLC ("Mining"), and Stone Ridge Holdings Group LP ("Stone Ridge" and collectively, "Plaintiffs") submit this Complaint for Declaratory Judgment against defendant Mintvest Capital Limited ("Mintvest" or "Defendant"). In support of their claims, Plaintiffs allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs file this suit to bring an end to Mintvest's wrongful efforts to extract payments from them pertaining to Plaintiff NYDIG LLC's acquisition of a company in which Mintvest formerly had an ownership interest. There is categorically no basis for Mintvest to claim that Plaintiffs owe it anything at all, but Mintvest has nevertheless pursued litigation against them on the flimsiest of legal theories. Plaintiffs therefore seek a declaration that they owe Mintvest nothing.

2. From December 2019 until March 2024, Defendant Mintvest and its principal Mr. Prieur Leary had an ongoing dispute with their former business partners (non-parties Coinmint

Living Trust and the Soniat Family Trust) regarding Mintvest's rights and interests in Coinmint LLC ("Coinmint"), a bitcoin mining company. The feud was litigated in numerous courthouses including in Puerto Rico, Texas, and Delaware.

3. In June 2024, after the resolution of the disputes between Mintvest, Leary, and their former business partners, Plaintiff NYDIG LLC acquired Coinmint (the "Acquisition"). The Acquisition was memorialized in an Agreement and Plan of Merger (the "Merger Agreement"). A true and correct copy of the Merger Agreement, with certain sensitive provisions redacted, is attached as **Exhibit A**. Neither Mintvest nor Leary was a party to the Acquisition or the Merger Agreement.

4. Under the Merger Agreement, NYDIG LLC acquired 100% of Coinmint's equity interests from Coinmint's owners (defined in the Merger Agreement as "Equityholders") in exchange for certain payments (defined in the Merger Agreement as "Merger Consideration").

5. Mintvest was not an Equityholder in Coinmint at the time of the Merger Agreement. As a result, it did not have a right to receive Merger Consideration or any other proceeds of the sale owed to Coinmint's Equityholders.

6. Nevertheless, in January 2025, Mintvest filed a lawsuit against Plaintiffs NYDIG Trust, NYDIG Mining, and Stone Ridge in the United States District Court for the District of Puerto Rico falsely claiming that Mintvest in fact owned 18.2% of the equity interests in Coinmint at the time of the Acquisition and therefore entitled to 18.2% of Coinmint's sale price (the "Puerto Rico Litigation"). Mintvest claimed over $41 million in damages.

7. Although inexplicably pled as (i) a violation of Article 1489 of the Puerto Rico Civil Code (which is a construction-related statute) and (ii) an unspecified violation of "tort" law, Mintvest effectively sought Merger Consideration—a contractual benefit to which it is plainly not

entitled—based on its assertion that it had an ownership stake in Coinmint at the time of the Acquisition.

8. On the merits, the Puerto Rico Litigation and Mintvest's $41 million damages claim are baseless. But that lawsuit is also fatally flawed because the District of Puerto Rico lacks subject matter jurisdiction over the dispute. Mintvest is a Delaware corporation, and all of the Plaintiffs themselves have Delaware partners or members. Indeed, Mintvest did not even fully plead its own citizenship for federal diversity purposes, let alone did it (or could it) properly plead diversity jurisdiction over any of the Plaintiffs.

9. Given the forthcoming dismissal of the Puerto Rico Litigation, Plaintiffs reasonably believe that Mintvest, which is controlled by Leary, will continue to pursue claims against Plaintiffs under baseless theories in inconvenient jurisdictions that Mintvest and Leary believe provide some advantage to them.

10. Rather than waiting for Mintvest to commence still further unfounded litigation in its quest to extract an unwarranted payment from Plaintiffs, Plaintiffs now seek a declaratory judgment that they owe nothing to Mintvest in connection with NYDIG LLC's acquisition of Coinmint, and that Mintvest's claims under Article 1489 and in tort are not actionable.

11. Plaintiffs proceed in this Court, which is the natural venue for a dispute pertaining to the alleged rights of a Delaware corporation against other Delaware-formed companies relating to a business transaction that is governed by Delaware law.

## PARTIES

12. NYDIG LLC is a limited liability company organized under the laws of Delaware with its principal place of business in New York.

13. NYDIG Mining is a limited liability company organized under the laws of Delaware with its principal place of business in New York.

14. NYDIG Trust is a limited liability company organized under the laws of New York with its principal place of business in New York.

15. Stone Ridge is a limited partnership organized under the laws of Delaware with its principal place of business in New York.

16. Mintvest is a corporation incorporated in Delaware with an unknown principal place of business.

## JURISDICTION & VENUE

17. This Court has jurisdiction pursuant to 10 *Del. C.* § 541, which gives the Superior Court of Delaware jurisdiction as the Constitution and laws of this State confer upon it.

18. The Declaratory Judgment Act authorizes Delaware courts to "declare rights, status and other legal relations whether or not further relief is or could be claimed." 10 *Del. C.* § 6501.

19. A party "may have determined any question of construction or validity arising under [a] contract . . . and obtain a declaration of rights, status or other legal relations thereunder." *Id.* § 6502.

20. This Court has personal jurisdiction over Mintvest because it is a Delaware corporation.

## FACTS

### A. NYDIG LLC and Coinmint Execute the Merger Agreement

21. On June 30, 2024, NYDIG LLC and non-parties Coinmint, Moses Merger Sub LLC (the "Merger Sub"), and Moses Representative LLC (as representative for Coinmint's Equityholders) entered into the Merger Agreement.

22. Under the Merger Agreement, Coinmint merged with the Merger Sub, a Delaware limited liability company and a wholly owned subsidiary of NYDIG LLC.

23. Upon completion of the transaction, the separate limited liability company existence of Merger Sub ceased and all of the limited liability company interests of Coinmint outstanding immediately prior to the merger were extinguished.

24. Coinmint survived the merger as a wholly owned subsidiary of NYDIG LLC, vested with "all of the property, rights, privileges, powers and franchises" of Coinmint and the Merger Sub. Coinmint was later renamed Energy & Compute LLC.

25. As part of the Merger Agreement, Coinmint disclosed the names of all its "Equityholders," defined "collectively, [as] the Persons listed in Section 1.1(b) of the Company Disclosure Schedule." The Equityholders listed in Section 1.1(b) of the Company Disclosure Schedule are non-parties Coinmint Living Trust, Soniat Family Trust, David Fogel, and Norbert Guiol.

26. The First "Whereas" clause of the Merger Agreement and Exhibit C to the Merger Agreement explicitly state that the Equityholders "collectively own[ed] **_all_** of the issued and outstanding limited liability company interests of [Coinmint]." (emphasis added).

27. Under the unambiguous terms of the Merger Agreement, neither Mintvest nor Leary are Equityholders.

28. As consideration for extinguishing the equity interests held by the Equityholders, §§ 2.2, 2.3, and 2.6 of the Merger Agreement required NYDIG LLC to make certain payments to the Equityholders (defined in the Merger Agreement as "Merger Consideration") based on their pro rata equity interest in Coinmint (defined as "Pro Rata Shares").

29. As Mintvest was not an Equityholder—or otherwise a party to the Merger Agreement—it was not and is not entitled to Merger Consideration or any other payment under the Merger Agreement.

**B. Mintvest Files the Puerto Rico Litigation Seeking More than $41 Million**

30. Nevertheless, on January 9, 2025, Mintvest filed a complaint in the District of Puerto Rico against Stone Ridge, NYDIG Mining, and NYDIG Trust captioned *Mintvest Capital, Ltd v. NYDIG Trust Company et al.*, 25-CV-1019-FAB-MEL (D.P.R.) seeking "not less than" $41,400,000 in purported damages (the "Puerto Rico Complaint"). A true and correct copy of that complaint is attached as **Exhibit B**. Notably, Mintvest failed to sue NYDIG LLC, which is the entity that actually purchased Coinmint.

31. The Puerto Rico Complaint consisted of two central allegations: (i) Mintvest purportedly "owned 18.2% of Coinmint" at the time of the Acquisition (P.R. Compl. ¶ 16), and (ii) NYDIG Trust purchased Coinmint "without paying Mintvest for its 18.2% participation in Coinmint" (*id.* ¶ 18). In its Prayer for Relief, Mintvest sought 18.2% of Coinmint's purchase price, which Mintvest estimated to be $36,400,000. (*Id.* at 5–6.)

32. It is apparent from the face of Mintvest's allegations that it was seeking payment under the Merger Agreement (to which it is not a party) as compensation for the sale of equity in Coinmint (of which it has none).

33. But perhaps in recognition of the fact that it has no rights under the Merger Agreement, Mintvest, incredibly, restyled its contract claim as a purported violation of Article 1489 of the Puerto Rico Civil Code. (*Id.* ¶¶ 20–29.)

34. Article 1489 is a construction statute providing: "Those who furnish their labor and materials in a work agreed upon a lump sum by a contractor have no action against the owner,

except for the amount the latter may owe to the former when the action is brought." 31 L.P.R.A. § 4130. Mintvest argues by analogy that NYDIG LLC as the supposed "owner" owes Mintvest compensation as the supposed "subcontractor" because Coinmint as the supposed "contractor" failed to remit that payment to Mintvest directly.

35. Mintvest's Article 1489 claim is fatally flawed for at least four reasons:

a. First, on its face, Article 1489 does not apply. There is no precedent under Puerto Rico law, Delaware law, or otherwise for applying a statute concerning the payment of construction subcontractors to the purchase and sale of an LLC. Asserting the claim in the Puerto Rico Litigation in the first place was frivolous.

b. Second, Mintvest is neither a party to the Acquisition, nor is an Equityholder under the Merger Agreement. Therefore, Mintvest is not and cannot be entitled to Merger Consideration (or any other payment) under the Merger Agreement.

c. Third, Mintvest owned no equity in Coinmint when the Acquisition took place. These rights have already been litigated in the Texas state courts. In November 2021, the District Court of Texas held that Mintvest had breached Coinmint's operating agreement and it approved Coinmint's request to buy out Mintvest's minority interest in Coinmint.[1] The Texas Court of Appeals affirmed that equity buyout on March 12, 2024—three months before the Acquisition occurred.[2] As a result, Mintvest had already been adjudicated to not own any interest in Coinmint by the time the Merger Agreement was executed.

---

[1] A true and correct copy of *Coinmint, LLC v. Mintvest Capital, Ltd.*, No. 2021-50413, 2021 WL 12264655, at *1 (Tex. Dist. Nov. 22, 2021) is attached as **Exhibit C**.

[2] A true and correct copy of *Mintvest Cap., Ltd. v. Coinmint, LLC*, 693 S.W.3d 834, 845 (Tex. App. 2024) is attached as **Exhibit D**.

      d.     Finally, in all events, Mintvest sued the wrong parties—NYDIG LLC purchased Coinmint, not NYDIG Trust, NYDIG Mining, or Stone Ridge. In fact, none of the three named defendants was ever directly involved in the Acquisition.

      36.     In addition to its improper Article 1489 claim, Mintvest also asserted an unspecified claim that it labeled simply "Tort." (*Id.* ¶¶ 30–31.) It consisted of a single conclusory sentence: "[NYDIG Trust, NYDIG Mining, and Stone Ridge's] actions of intentionally excluding payment to Mintvest has caused reputational harm to Mintvest in an amount not less than $5 million." (*Id.* ¶ 31.)

      37.     This claim suffers from the same deficiencies as Mintvest's Article 1489 claim—Mintvest cannot be "exclud[ed]" from payment to which it is not entitled under the Merger Agreement. But Mintvest also failed to even identify the supposed "tort" under which it is suing, let alone did it identify any basis on which it is entitled to "reputational" damages.

      38.     In that lawsuit, the parties have filed corporate disclosure statements pursuant to Fed. R. Civ. P. 7.1(a)(2) because Mintvest alleges diversity jurisdiction under 28 U.S.C. § 1332(a). Mintvest disclosed that it is a Delaware corporation, while NYDIG Trust, NYDIG Mining, and Stone Ridge each have a member or partner, as applicable, that is a Delaware corporation, thereby preventing diversity jurisdiction. That case therefore must be dismissed for lack of subject-matter jurisdiction.

      39.     The Plaintiffs now seek to resolve with finality that they do not owe Mintvest any payments of any sort, whether under the Merger Agreement, Article 1489, "tort" law, or otherwise.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Declaratory Judgment
### (Mintvest Has No Rights to Payment Under the Merger Agreement)

40. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

41. Plaintiffs seek a declaration that Mintvest is not owed any consideration or other payments of any sort under the Merger Agreement, which is the ultimate basis of Mintvest's claims against them.

42. Pursuant to the Merger Agreement, the defined Equityholders "collectively own[ed] all of the issued and outstanding limited liability company interests of [Coinmint]" at the time of the Acquisition.

43. Pursuant to the Merger Agreement, only Equityholders are entitled to Merger Consideration.

44. Mintvest is neither a party to the Merger Agreement, nor is it an Equityholder.

45. Therefore, Mintvest is not and cannot be entitled to Merger Consideration, or any other payment, in connection with the Acquisition.

46. NYDIG LLC therefore is not liable for any alleged non-payment under the Merger Agreement.

47. Neither NYDIG Trust, NYDIG Mining, nor Stone Ridge are parties to the Merger Agreement and therefore cannot be liable for any alleged non-payment under the Merger Agreement.

48. Consistent with the Merger Agreement, Plaintiffs have refused to make any payments to Mintvest in response to its demands for such payments.

49. Mintvest has refused to retract its demand for those payments.

50. Mintvest has filed a lawsuit against NYDIG Trust, NYDIG Mining, and Stone Ridge claiming that it is entitled to payment as a result of their purchase of Coinmint pursuant to the Merger Agreement. Those entities therefore have an actual, concrete, ripe, and justiciable dispute against Mintvest as to whether the demanded payments are, in fact, due and owing.

51. NYDIG LLC, as the actual purchaser of Coinmint under the Merger Agreement, likewise has an actual, concrete, ripe, and justiciable dispute against Mintvest as to whether the demanded payments are, in fact, due and owing.

52. A judicial declaration is necessary and appropriate to resolve this dispute.

## SECOND CAUSE OF ACTION

### Declaratory Judgment
### (Mintvest Has No Rights to Payment Under Article 1489 of the Puerto Rico Civil Code)

53. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

54. Plaintiffs seek a declaration that Mintvest is not owed any consideration or other payments of any sort under Article 1489 of the Puerto Rico Civil Code, which is a separate basis for Mintvest's claims and threatened claims against them.

55. Article 1489 "focuses on the rights of subcontractors and employees as to the owner of [a] construction project." Puerto Rico courts have held that Article 1489 is "exceptional and of an extremely restrictive nature" because it "merely recognizes the right of materialmen and workers to bring actions against owners," and only for "the amount the owner owes the contractor." *El Toro Elec. Corp. v. Zayas*, 106 D.P.R. 98, 6 P.R. Offic. Trans. 133, 138 (May 31, 1977).

56. On its face, Article 1489 has no application here, and no court in Puerto Rico, Delaware, or otherwise has extended its application to the purchase or merger of an LLC.

57. Plaintiffs cannot be liable to Mintvest under Article 1489 in connection with the Acquisition.

58. Consistent with the limits of Article 1489, Plaintiffs have refused to make any payments to Mintvest in response to its demands for such payments.

59. Mintvest has refused to retract its demand for those payments.

60. Mintvest has filed a lawsuit against NYDIG Trust, NYDIG Mining, and Stone Ridge claiming that it is entitled to payment under Article 1489. Those entities therefore have an actual, concrete, ripe, and justiciable dispute against Mintvest as to whether the demanded payments are, in fact, due and owing.

61. NYDIG Trust, NYDIG Mining, and Stone Ridge have incurred substantial legal fees defending against this baseless claim in the Puerto Rico Litigation.

62. NYDIG LLC, as the actual purchaser of Coinmint under the Merger Agreement, likewise has an actual, concrete, ripe, and justiciable dispute against Mintvest as to whether the demanded payments are, in fact, due and owing.

63. This claim is appropriately considered by this Court because it involves disputed rights between Delaware-formed entities arising from the completion of a transaction that is governed by Delaware law.

64. A judicial declaration is necessary and appropriate to resolve this dispute.

### THIRD CAUSE OF ACTION
### Declaratory Judgment
### (Mintvest Has No Rights to Payment Under "Tort" Law)

65. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

66. Plaintiffs seek a declaration that Mintvest is not owed any damages or other payments of any sort under "tort" law because of purported "reputational" injury.

67. Mintvest has asserted a "tort" claim that summarily asserts without explanation or basis that Plaintiffs "caused reputational harm" to Mintvest by "intentionally excluding payment to Mintvest" as part of the Acquisition.

68. Mintvest cannot be "exclud[ed]" from a payment to which it is not entitled and therefore cannot suffer "reputational" harm on that basis.

69. In all events, Mintvest has not identified and cannot identify any basis on which Plaintiffs' refusal to pay amounts to which Mintvest is not entitled has caused or could cause "reputational" harm or "tort" injury of any other sort.

70. None of the Plaintiffs can be liable for reputational harm to Mintvest on the basis of non-payment in connection with the Acquisition.

71. Mintvest has refused to retract its demand for those payments.

72. Mintvest has filed a lawsuit against NYDIG Trust, NYDIG Mining, and Stone Ridge claiming that it is entitled to payment under "tort" law. Those entities therefore have an actual, concrete, ripe, and justiciable dispute against Mintvest as to whether the demanded payments are, in fact, due and owing.

73. NYDIG Trust, NYDIG Mining, and Stone Ridge have incurred substantial legal fees defending against this baseless claim in the Puerto Rico Litigation.

74. NYDIG LLC, as the actual purchaser of Coinmint under the Merger Agreement, likewise has an actual, concrete, ripe, and justiciable dispute against Mintvest as to whether the demanded payments are, in fact, due and owing.

75. A judicial declaration is necessary and appropriate to resolve this dispute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor and against Mintvest, and that it issue the following relief:

1. A declaratory judgment, pursuant to 10 *Del. C.* § 6501, stating that:

   a. Plaintiffs are not obligated to make any payments to Mintvest under the Merger Agreement;

   b. Plaintiffs are not obligated to make any payments to Mintvest under Article 1489 of the Puerto Rico Civil Code;

   c. Plaintiffs are not obligated to make any payments to Mintvest under any "tort" law; and

   d. Plaintiffs are not obligated to otherwise make any payments to Mintvest in connection with the Acquisition; and

2. Granting such other and further relief as the Court deems just and proper.

Dated: April 21, 2025

Respectfully submitted,

**SMITH, KATZENSTEIN & JENKINS LLP**

*Of Counsel:*

Douglas S. Curran
Jonathan Kortmansky
**ANDERSON KILL P.C.**
7 Times Square, 15th Floor
New York, NY 10036
(212) 278-1000
dcurran@andersonkill.com
jkortmansky@andersonkill.com

/s/ Neal C. Belgam
Neal C. Belgam (No. 2721)
Jason Z. Miller (No. 6310)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
jmiller@skjlaw.com

*Attorneys for Plaintiffs New York Digital Investment Group LLC, NYDIG Trust Company LLC, NYDIG Mining LLC, and Stone Ridge Holdings Group LP*

13