IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEW YORK DIGITAL INVESTMENT GROUP LLC, NYDIG TRUST COMPANY LLC, NYDIG MINING LLC, and STONE RIDGE HOLDINGS GROUP LP,<br><br>   *Plaintiffs*,<br><br> v.<br><br>MINTVEST CAPITAL, LTD.,<br><br>   *Defendant*. | C.A. No. 25-0714-MN |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO REMAND AND FOR REIMBURSEMENT OF REASONABLE ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(c)**

  Plaintiffs New York Digital Investment Group LLC ("NYDIG LLC"), NYDIG Trust Company LLC ("NYDIG Trust"), NYDIG Mining LLC ("NYDIG Mining"), and Stone Ridge Holdings Group LP ("Stone Ridge" and collectively, "Plaintiffs") respectfully submit this reply in further support of their motion to remand and for reasonable attorneys' fees.

**ARGUMENT**

  1. Plaintiffs filed their Motion to Remand and for Reimbursement of Reasonable Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) on July 16, 2025. (D.I. 11; the "Motion.") Through that Motion, Plaintiffs seek to remand this action to state court because this Court does not have subject-matter jurisdiction over the dispute. Plaintiffs also seek an award of reasonable costs and attorneys' fees, given the lack of any objectively reasonable basis for the removal.

  2. Under Local Rule 7.1.2(b), Defendant's response was due on July 30, 2025. Defendant chose not to oppose the Motion, such that it should be granted. Indeed, Defendant's

failure to file any opposition further shows that the removal was not noticed in good faith, such that an award of costs and attorneys' fees is proper here.

3.  In this Court, if a party "fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant." *Peters v. Ryan*, 2017 WL 1393692, at *2 (D. Del. Apr. 13, 2017); *see also John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.,* 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."). That is true even when the nonmovant does file an opposition brief; but here, not only did Defendant "fail[] to contest an issue raised in the opening brief," it failed to file any opposition whatsoever. *Peters*, 2017 WL 1393692, at *2. Defendant has therefore waived any arguments it may have had in opposition to the Motion. *Id.*; *see also Delaware v. BP Am. Inc.*, 578 F. Supp. 3d 618, 627 n.6 (D. Del. 2022) (on motion to remand, holding that where defendants only mentioned one of the purported grounds for removal "in passing" and addressed two other purported grounds "only in one footnote each," those purported grounds for removal were waived); *Prime Victor Int'l Ltd. v. Simulacra Corp.*, 682 F. Supp. 3d 428, 447-48 (D. Del. 2023) (holding that plaintiff was entitled to attorneys' fees and costs where defendant did not dispute plaintiffs' entitlement to fees in its opposition brief).

4.  Defendant's lack of response is all the more determinative here because, as soon as Plaintiffs filed their motion for remand, it became Defendant's "burden of proving that removal was proper." *See G. Fedale Gen. Contractors, LLC v. Prelle*, 2017 WL 11556283, at *1 (D. Del. April 13, 2017) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists")). Defendant has made no argument at all as to why removal was purportedly proper in this action

and has therefore failed to satisfy its burden. *See G. Fedale*, 2017 WL 11556283, at *2 (finding that defendant failed to meet its burden where it did not oppose the motion to remand).

5.      Defendant's failure to respond is not only procedurally fatal, it is also effectively a concession that this case does not belong in this Court. As set forth in the Motion, although Defendant claims in a conclusory manner that this Court has federal question jurisdiction under 28 U.S.C. § 1331, it fails to plead any of the elements of federal question jurisdiction. (Motion ¶¶ 31–37.) And Defendant similarly fails to satisfy the *Grable* test, such that there would be no basis for this Court to adjudicate this case even if Defendant had responded. (*Id.* ¶¶ 42–46.)

6.      The Motion also demonstrates that an award of attorneys' fees is warranted under § 1447(c) because Defendant lacked an "objectively reasonable" basis to remove this action, and its purported basis for removal was "frivolous" and "insubstantial." (*Id.* ¶¶ 48–54.) Defendant's failure to make any effort to defend its demonstrably improper notice of removal further confirms that an award of fees is proper.

## **CONCLUSION**

7.      For the foregoing reasons and those set forth in Plaintiffs' opening brief, the motion to remand should be granted and Plaintiffs' reasonable attorneys' fees should be reimbursed by Mintvest.[1]

---

[1] Minutes before Plaintiffs were set to file this Reply, Defendant filed a barebones motion to extend its time to oppose Plaintiffs' motion by two weeks. (ECF 16.) Defendant submitted that motion five days after its opposition was due, and without conferring with Plaintiffs' counsel. That motion is without merit and Plaintiffs will respond in due course. For present purposes, Plaintiffs respectfully note: (1) Defendant's motion again violates Local Rule 7.1.1, as Defendant failed to confer prior to filing it, just as it did in connection with its motion to transfer (*see* ECF 7); and (2) the motion fails to include any actual facts that could support this Court finding good cause to extend the deadline. Both of these provide independent grounds for denying that motion.

Dated:  August 4, 2025

Respectfully submitted,

*/s/ Jason Z. Miller*
Neal C. Belgam (No. 2721)
Jason Z. Miller (No. 6310)
**SMITH, KATZENSTEIN & JENKINS LLP**
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
jmiller@skjlaw.com

Jonathan Kortmansky (*pro hac vice*)
Douglas S. Curran (*pro hac vice*)
**ANDERSON KILL P.C.**
7 Times Square, 15th Floor
New York, New York 10036
Tel. (212) 278-1000
jkortmansky@andersonkill.com
dcurran@andersonkill.com

*Counsel for Plaintiffs New York Digital Investment Group, LLC, NYDIG Trust Company LLC, and Stone Ridge Holdings Group LP*